UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| V. : | Case No.: 1:19-CR-00115-JJM-PAS |
| : | |
| DOMINIQUE GOLDEN : | |

## MOTION TO CORRECT SENTENCE

Now comes Defendant, Dominique Golden, by and through counsel, and pursuant to Federal Rule of Criminal Procedure 35 (a), moves this Court to correct the sentence it imposed in the above matter, on January 25, 2023. Specifically, Ms. Golden asks the Court to order that its sentence, which was ordered to run concurrently with the sentenced imposed by the United States District Court for the Northern District of Georgia, on March 28, 2022, in the matter of *United States v. Dominique Golden*, Case No. 1:20-CR-00114-WMR-CCB-2, be imposed retroactively, to March 10, 2020.

## FACTUAL BACKGROUND

The government filed a criminal complaint against Ms. Golden alleged conspiracy and fraud charges on September 5, 2019. She was arrested on September 12, 2019 in the Southern District of Texas, where she formerly resided. She initially appeared that day in U.S. District Court for the Southern District of Texas and was released on bond. Ms. Golden then made her initial appearance in the District of Rhode Island on September 20, 2019, where was released on the same conditions imposed in Texas.

A federal grand jury returned an indictment against Ms. Golden on December 11, 2019 alleging conspiracy and fraud charges. On March 10, 2020, while this matter was pending and Ms. Golden remained on bond, she was re-arrested for similar misconduct in the Northern District of Georgia. She was denied bail and remained in pretrial custody there, continuously

until she admitted guilt on September 30, 2021, conspiracy to commit money laundering, and was sentenced. The Georgia court sentenced Ms. Golden on March 28, 2022, to serve 54 months of incarceration, followed by 3 years of supervised release.

After the imposition of sentence in Georgia, Ms. Golden was transported by the U.S. Marshal's Service (USMS) to the District of Rhode Island in late August 2022. She appeared before this Court on September 1, 2022 and admitted guilt to both conspiracy to commit mail fraud and mail fraud. This Court sentenced her on January 25, 2023, to serve 78 months of incarceration, also followed by 3 years of supervised release. The Court ordered that Mr. Golden's sentence here is to be served concurrently with the sentenced imposed in Georgia, beginning on January 25, 2023. Ms. Golden now asks the Court to reconsider the effective date of her Rhode Island sentence, and order that it run concurrently with Georgia, but retroactive to March 10, 2020.

## APPLICABLE LAW

Federal courts "have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings." See *Setser v. United States*, 132 S. Ct. 1463, 1468 (2012). "Exercise of that discretion, however, is predicated on the court's consideration of the factors listed in 18 U.S.C. § 3553 (a), including any applicable guidelines or policy statements issued by the Sentencing Commission." U.S.S.G. § 5G1.3, Background (2020).

The U.S.S.G. § 5G1.3 (d) policy statement provides that in any case involving an undischarged term of incarceration, "the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of

imprisonment **to achieve a reasonable punishment for the instant offense."** U.S.S.G. § 5G1.3 (d) (2020).

To achieve a reasonable incremental punishment for the instant offense, the court should consider the following: (1) 18 U.S.C. § 3553 (a) factors, (2) the type and length of undischarged term of imprisonment, (3) the time already served on the undischarged term and the time likely to be served before release, (4) the timing of the undischarged sentence, and (5) any other circumstance relevant to determining an appropriate sentence. U.S.S.G. § 5G1.3 (d), n.4 (A) (2020).

U.S.S.G. § 5G1.3 also envisions extraordinary circumstances where "a downward departure may be warranted to ensure that the combined punishment [of the undischarged term of imprisonment and sentence imposed in the instant case] is not increased unduly by the fortuity and timing of separate prosecutions and sentencings." U.S.S.G. § 5G1.3 (d), n.4 (E) (2020).

## ARGUMENT

Ms. Golden, by her own admission, is guilty of participating in separate conspiracies, in both Georgia and Rhode Island, that engaged in fraud. Her role in both conspiracies was similar: she set up companies and related bank accounts to receive proceeds of the fraud, which she then distributed among herself and co-conspirators. On March 28, 2022, Ms. Golden was sentenced in the Northern District of Georgia to serve a jail term of 54 months. Because she was held in pretrial custody from the time of her arrest on March 10, 2020, she receives approximately 24 months of pretrial confinement credit toward this 54-month sentence. Her expected release date (without factoring in good time or other credits) is in approximately September 2026.

This Court sentenced Ms. Golden on January 25, 2023 to a jail term of 78 months, to run consecutive to the Georgia sentence, effective on the date of imposition. The net effect of these

two sentence results in a total period of incarceration of 111 months (33 months from March 2020, when she was arrested, to January 2023 when this Court imposed sentence plus 78 months for the punishment recently imposed) and estimated release in June 2029, more than six years from the present time.

Ms. Golden petitions this Court to amend her sentence either by ordering that it concurrently to the undischarged sentence imposed by the Northern District of Georgia, retroactive to March 10, 2020, or downwardly adjust her guidelines in accordance with U.S.S.G. § 5G1.3 (d),  In support of her request, Ms. Golden advances several arguments.

First, the government elected to prosecute Ms. Golden's two criminal matters separately, where they could have easily been combined and prosecuted in a single federal district.  Had this occurred and assuming concurrent sentences were imposed in both cases in March 2022, Ms. Golden would have received the benefit of full pretrial confinement credit of 24 months toward both sentences.  As stated above, U.S.S.G. § 5G1.3 permits downward departures in certain circumstances "to ensure that the combined punishment is not increased unduly by the fortuity and timing of separate prosecutions and sentencings." U.S.S.G. § 5G1.3 (d), n.4 (E) (2020).  In this instance, the fortuity and timing of Ms. Golden's prosecutions, as her sentences presently stand, result in an unduly increased, net jail sentence of more than 9 years, which is unreasonable and unnecessary for a first-time offender with her individual background and characteristics. Ms. Golden had absolutely no control or input over the timing, manner, or venue of her prosecutions.  These factors were decided by the government - albeit two separate United States Attorneys' Offices – and its single Department of Justice.

Second, Ms. Golden had no control over her arrest by authorities in the Northern District of Georgia, or her detention order there.  Similarly, once she was sentenced in Georgia, she also

had no control over the timeliness of her transportation by USMS from Georgia to Rhode Island. She sat idle for approximately five months from the imposition of sentence on March 28 2022, until her arrival here in late August 2022.  Though she admitted guilt just days after her arrival here, she was not sentenced here until January 25, 2023.  Ms. Golden remained in custody, fulfilling the terms of her Georgia sentence, while awaiting the imposition of her sentence in Rhode Island for approximately 10 months.  At the very least, she ought to receive credit for this so-called dead time toward her recently imposed Rhode Island sentence.

      Third and finally, when considering the application of the factors outlined in U.S.S.G. § 5G1.3 (d), n.4 (A), Ms. Golden suggests that a retroactive, concurrent application of this Court's sentence to the Georgia sentence is warranted.  Her 18 U.S.C. § 3553 (a) arguments were advanced both orally and in writing at her sentencing hearing on January 25, 2023 and shall not be restated here.  She received 54 months in Georgia and has approximately 20 months remaining, without considering good time or any other form of potential jail credit.  As of the time of sentencing in Rhode Island, she had already served 34 months in prison.  The sentence she received in George was considerable, and in that case, the loss amount was almost $8,000,000.00, more than four times the approximate loss of $2,000,000.00 in Rhode Island. The misconduct in Georgia was arguably more substantial and aggravating, yet Ms. Golden received more time in Rhode Island, with no credit for any of the time she has already served.

      Respectfully, the manner by which sentence was imposed against Ms. Golden in Rhode Island has resulted in a net sentence of 111 months, which is significantly greater than necessary to achieve the overall objectives of 18 U.S.C. § 3553 (a).  The resulting sentence is also unduly harsh and unwarranted for this particular defendant, who accepted responsibility, has no criminal history, suffers from mental health problems, and endured experiences as a childhood that will

5

haunt her forever, and has already served nearly three years in prison. The totality of the circumstances here, combined with the Court's responsibility to impose reasonable and equitable punishment, warrants a reconsideration and an amendment to the sentence imposed.

## CONCLUSION

For these reasons above, Ms. Golden asks the Court to amend the terms of its sentence so that Ms. Golden's net jail sentence does not exceed 78 months. The Court may do so by either adjusting the effective date of the Rhode Island sentence, retroactive to March 10, 2020, to run concurrent to the undischarged term in Georgia, so that she receives full credit for the time already served, or by awarding a downward departure in accordance with U.S.S.G. § 5G1.3 (d). As an alternative request for relief, should the Court believe that the requested sentence adjustment in unwarranted, Ms. Golden asks the Court to at least amend her sentence so that she receives credit for time served, from March 28, 2022 when sentenced was imposed in Georgia to January 25, 2023, when sentence was imposed in Rhode Island, during which time she remained in custody.

Defendant,
Dominique Golden
By Counsel,

/s/ John L. Calcagni III, Esq.
John L. Calcagni III (Bar No.: 6809)
Law Office of John L. Calcagni III, Inc.
72 Clifford Street, Third Floor
Providence, RI 02903
Phone: (401) 351.5100
Fax: (401) 351.5101
Email: jc@calcagnilaw.com

**CERTIFICATION**

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on February 3, 2023.

      /s/ John L. Calcagni III, Esq.
John L. Calcagni III (Bar No.: 6809)
Law Office of John L. Calcagni III, Inc.
72 Clifford Street, Third Floor
Providence, RI 02903
Phone: (401) 351.5100
Fax: (401) 351.5101
Email: jc@calcagnilaw.com